# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**STEVEN RAY HEATHERLY,**                                                    **PETITIONER**

**v.**                **No. 3:07CV23-B-A**

**JACQUELINE BANKS, ET AL.**                                                  **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Steven Ray Heatherly for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed.

## Facts and Procedural Posture

Petitioner Steven Ray Heatherly was convicted of numerous drug offenses in the Circuit Court of Lafayette County, including the four he challenges in the instant petition: (1) sale of 34.36 grams of marijuana; (2) sale of $320 worth of methamphetamine; (3) sale of less than one ounce of marijuana; and (4) sale of $100 worth of methamphetamine. He was sentenced on the charge in the first indictment (sale of 34.36 grams of marijuana) to serve twenty years in the custody of the Mississippi Department of Corrections ("MDOC"). On the second indictment (sale of $320 of methamphetamine) he was sentenced to serve a consecutive term of thirty years. On the third indictment (sale of less than one ounce of marijuana) he was sentenced to serve three years to run consecutively with the twenty year sentence and the thirty year sentence. Finally, on the fourth indictment (sale of $100 of methamphetamine) he was sentenced to thirty years with ten

years suspended – to run consecutively with the previous sentences.

On April 18, 2000, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence for sale of 34.36 grams of marijuana. *Heatherly v. State*, 757 So. 2d 357 (Miss. Ct. App. 2000) (Cause No. 1999-KA-00464-COA). The petitioner did not seek timely discretionary review in state court by filing a petition for rehearing in the supreme court under Mississippi Rule of Appellate Procedure 40.

On December 12, 2000, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence for sale of less than one ounce of marijuana. *Heatherly v. State*, 773 So. 2d 405 (Miss. Ct. App. 2000) (Cause No. 1999-KA-01517-COA). As before, the petitioner did not seek timely discretionary review in state court by filing a petition for rehearing in the supreme court.

On February 3, 2004, the Mississippi Court of Appeals affirmed the petitioner's remaining two convictions and sentences (sale of $320 worth of methamphetamine and sale of $100 worth of methamphetamine) in a consolidated appeal. *Heatherly v. State*, 864 So. 2d 1036 (Miss. Ct. App. 2004) (Cause Nos. 2002-KA-01415-COA cons. with 2002-KA-01408-COA). 1999-KA-00464-COA. Once again, the petitioner did not seek timely discretionary review in state court by filing a petition for rehearing in the supreme court.

On July 25, 2006, the petitioner filed four applications for leave to proceed in the trial court in the Mississippi Supreme Court; these were cause numbers 2006-M-1212, 2006-M-1213, 2006-M-1214 and 2006-M-1215. On August 31, 2006, the Mississippi Supreme Court dismissed two of the petitions as untimely filed in violation of the three-year statute of limitations period for filing for state post-conviction relief – and denied two of the applications on the merits. The

United States Supreme Court denied *certiorari* review of all four applications January 16, 2007.

**Discussion**

This matter is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the instant petition Heatherly is challenging all four convictions and sentences. The court has thus calculated the deadlines for challenging each of the convictions below. The petitioner did not seek rehearing in the Mississippi Court of Appeals for any of his convictions – a prerequisite for seeking discretionary review with the Mississippi Supreme Court. The petitioner thus "stopped the appeal process" and was unable to pursue further direct review in the

Mississippi Supreme Court – or review in the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). As such, each conviction became final – and the statute of limitations for federal *habeas corpus* relief began to run – when the time for seeking further direct review in the state court expired – fourteen days after each conviction was affirmed on direct appeal. M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed).

The date each conviction became final – and the expiration for each conviction of the one-year federal limitations period for a writ of *habeas corpus* – are set forth below.

**Sale - 34.36 grams of marijuana**

> **Conviction final** .......................................... May 2, 2000
> (April 18, 2000 + 14 days)
>
> **Deadline for filing federal *habeas corpus* petition** .............. **May 2, 2001**
> (May 2, 2000 + 1 year)

**Sale - less than one ounce of marijuana**

> **Conviction final** ................................... December 26, 2000
> (December 12, 2000 + 14 days)
>
> **Deadline for filing federal *habeas corpus* petition** ........ **December 26, 2001**
> (December 26, 2000 + 1 year)

**Sale - $320 worth of methamphetamine**

> **Conviction final** ................................... February 17, 2004
> (February 3, 2000 + 14 days)
>
> **Deadline for filing federal *habeas corpus* petition** ......... **February 17, 2005**
> (February 17, 2004 + 1 year)

**Sale - $100 worth of methamphetamine**

> **Conviction final** .................................... February 17, 2004
> (February 3, 2004 + 14 days)
>
> **Deadline for filing federal *habeas corpus* petition** .......... February 17, 2005
> (February 17, 2004 + 1 year)

The petitioner did not seek state post-conviction relief before the deadlines listed above. As such, the tolling provision of §2244(d)(2) is not applicable to the instant case, and the instant petition for a writ of *habeas corpus* was untimely filed.

Under the "mailbox rule," the instant petition is deemed filed on the date that the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Heatherly's petition was "filed" sometime between the date it was signed on January 29, 2007, and the date it was received and stamped as "filed" in the district court on February 20, 2007. Giving the petitioner the benefit of the doubt by using the earlier date in each case yields the following results.

Heatherly's January 29, 2007, federal petition challenging the sale of 34.36 grams of marijuana was filed 2,098 days after the May 2, 2001, deadline.

His January 29, 2007, federal petition challenging the sale of less than one ounce of marijuana was filed 1,860 days after the December 26, 2001, deadline.

His January 29, 2007, federal petition challenging the two additional counts of sale of methamphetamine was filed 711 days after the February 17, 2005, deadline.

Thus, all of the petitioner's federal claims for *habeas corpus* relief were untimely filed. The petitioner cites no "rare and exceptional" circumstance to warrant equitable tolling, as he was neither actively misled nor prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d at 513-14. In his response to the state's motion to dismiss, the petitioner makes three arguments against dismissal of his case: (1) that his petition would be timely if computed under the United States Supreme Court's holding in *Carey v. Saffold*, 536 U.S. 214 (2002), (2) that he is entitled to equitable tolling because he has been housed on protective custody for most of his incarceration, and (3) because he has only a Sixth Grade education and no legal training. As discussed below, none of these arguments would lead to a finding that the instant petition is timely.

### *Carey v. Saffold*, 536 U.S. 214 (2002)

The petitioner argues that the *Carey* case announced a new method of counting the days of the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act. *Carey*, however, applies only to "California's unique state collateral review system – a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court[.]" As Mississippi does not have such a system, the *Carey* decision has no application in this case. As such, the court's calculations of the federal *habeas corpus* deadlines in this case are accurate.

### Equitable Tolling Due to Housing on Protective Custody and Ignorance of the One-Year Limitations Period for Federal *Habeas Corpus* Relief

The petitioner claims that he has been housed on protective custody for most or all of his incarceration. He argues that because of this housing arrangement, he cannot access the prison

law library and is thus entitled to equitable tolling under *Egerton v. Cockrell*, 334 F3d 433 (5th Cir 2003). This argument is without merit.

First, no inmate in the Mississippi Department of Corrections has had access to the law library since the implementation of the Inmate Legal Assistance Program. Under that program, inmates may request materials from the law library, and those materials are then brought to the inmate's cell. As the petitioner – like all other MDOC inmates – had access to legal materials through the Inmate Legal Assistance Program, his request for equitable tolling should be denied.

In addition, *Egerton* holds that the *complete absence* of the AEDPA (more precisely, the information regarding the one-year limitations period) within a prison facility, may be considered a state impediment to the petitioner's timely filing, triggering statutory or equitable tolling of the one-year federal limitations period. The magistrate judge in *Egerton* invited the state of Texas to submit evidence that a copy of the AEDPA was available to Egerton at any of the facilities where he was held while the federal statute was running. The state, however, failed to provide any such proof. Thus, there was no evidence in the record that Egerton ever had a chance to learn of the statute's existence.

Most importantly, Egerton was incarcerated *prior to the passage of the AEDPA*; thus he had no way of knowing of its existence prior to his incarceration – or after – if the facilities housing him did not have a copy. Thus, the old adage "ignorance of the law is no excuse" would have no application to Egerton, as he had no opportunity even to learn of the limitations period prior to its expiration. Although the Fifth Circuit did not use the phrase "due process," that is the reason Egerton could win the "ignorance of the law" argument. He did not fail to conduct research and discover the law; he simply never had the chance to do so during his one-year

window under the AEDPA.  This reasoning was the focus of the Fifth Circuit's analysis in *Egerton*.

The petitioner in the present case was incarcerated *after* the passage of the Antiterrorism and Effective Death Penalty Act – including its on-year limitations period.  As such, *Egerton* has no application in this case.  Further, a *pro se* prisoner's ignorance of *habeas corpus* law is insufficient to invoke equitable tolling in this case.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  For these reasons, the petitioner is not entitled to equitable tolling, and the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of July, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE